UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT EARL GARLINGER                                                           PETITIONER

v.                                                           CIVIL ACTION NO. 3:10-CV-219-H

COMMONWEALTH OF KENTUCKY                                                        RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court on Petitioner's response to a show cause order entered after preliminary review of Robert Earl Garlinger's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will dismiss the petition as time-barred under § 2244(d).

Petitioner is serving fourteen-years' imprisonment for a conviction on an Alford plea to third degree rape, third degree sodomy (two counts), and first degree sexual abuse (two counts). The offenses stemmed from sexual acts committed by Garlinger against his daughter while she was between the ages of eight and nine. *Garlinger v. Commonwealth*, not reported, 2010 WL 743833 (Ky. App., Mar. 5, 2010). Petitioner's conviction became final, for purposes of § 2244, on or about September 8, 2005. Petitioner did not seek state collateral, or other, relief at a time that would have tolled, by statute, the federal one-year limitation period, which thus expired on or about September 8, 2006. In an Opinion and Order entered April 27, 2010, this Court concluded the filing of this petition on or about April 2, 2010, exceeded the one-year limitation period, § 2244(d)(1), by three and half years.

The Court then directed Petitioner to file a response addressing whether the Court should excuse the limitation period under the doctrine of equitable tolling, as applied in *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005); and *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). In his response, Petitioner maintains his innocence and states he has an extensive medical history of incompetence and is

illiterate. Petitioner seeks equitable tolling for these reasons and because of his ignorance of the law, the demands of prison life, and limited access to prison legal aide. In *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit set out specific factors the district court must consider, including a petitioner's diligence in pursuing his rights, if the limitation period is to be equitably tolled. The Sixth Circuit further cautioned that equitable tolling should "be applied sparingly." *Id.*, at 1008; *see also Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002) (stating the applicant bears the burden of demonstrating entitlement to equitable tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). The general circumstances which Petitioner describes in conclusory fashion, in the Court's view, do not excuse the lack of diligence over three and half years nor otherwise warrant an equitable tolling of § 2244(d)'s one-year limitation in this case.

Therefore, the Court will enter a separate order dismissing this petition.

## Certificate of Appealability

Before seeking an appeal, § 2253 requires a petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). This Court concludes no reasonable jurist could find debatable the conclusion that the petition is time-barred and that the circumstances do not warrant equitably tolling the one-year limitation period.

DATE:

cc:     Petitioner, *pro se*
4412.007